IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD ANDREWS<br>      *Plaintiff*, | : | |
| v. | : | |
| KNIGHT, *Philadelphia Corrections Officer Sargeant, individually and in his official capacity*; FREDRICKS, *Philadelphia Corrections Officer, individually and in his official capacity*; SEAGRAVES, *Philadelphia Correction Officer, individually and in his official capacity*; HOBER, *Philadelphia Corrections Officer, individually and in his official capacity;* YOUNG, *Philadelphia Correction Officer, individually and in his official capacity*; WALKER, *Philadelphia Correction Officer, individually and in his official capacity*; CITY OF PHILADELPHIA; CAPT. LOVE; CO1 JEFFERSON; CO1 DOTSON; MAJOR MARTIN; CO1 BUTLER; and, LOUIS GIORLA<br>      *Defendants*. | :<br><br>:<br><br>:<br><br>:<br><br>: | CIVIL ACTION<br>NO.: 17-0962 |

**MEMORANDUM**

**Jones, II    J.**                                                                                         **July 1, 2022**

### I.   Introduction

Plaintiff Gerald Andrews, an inmate housed at the Philadelphia Industrial Correctional Center (hereinafter "PICC"), commenced the above-captioned action against Corrections Officer Delilah Jefferson, alleging she violated 42 U.S.C. § 1983 by infringing on his Eighth Amendment protection against "excessive force" (Count I), First Amendment protection against "retaliation" (Count II), and Fourth Amendment protections against "malicious prosecution" (Count III) and "false arrest" (Count IV).

1

Presently before the court is Defendant Jefferson's Motion for Summary Judgment. For the reasons set forth herein, said Motion shall be granted in its entirety.

## II.   Statement of Facts

The undisputed facts[1] establish that Gerald Andrews was incarcerated at PICC, where Delilah Jefferson was employed as a correctional officer. (SUF ¶ 7.) Andrews was assaulted three times on October 5, 2015. (SUF ¶ 14.) During the "first assault," Sergeant Knight pepper sprayed Andrews, followed by both Sergeant Knight and Corrections Officer Young repeatedly "kick[ing], stomp[ing], and punch[ing]" him. (SUF ¶ 16; RSUF ¶ 16.)[2] Following the "first assault," Knight and Young dragged Plaintiff into a doorway that led to the corridor by the elevators. (SUF ¶ 18; RSUF ¶ 18.) There, Corrections Officers Seagraves, Mulvenna, Hober, Fredericks and Walker began "stomping, punching, and kicking" him. (SUF ¶¶ 20-21; RSUF ¶¶ 20-21.) The same Corrections Officers dragged Andrews through the doorway into another corridor, where they assaulted him for a "third" time. (SUF ¶¶ 23-24; RSUF ¶¶ 23-24.) Jefferson never physically assaulted Plaintiff during any of the three incidents. (SUF ¶¶ 17, 22, 25; RSUF ¶¶ 17, 22, 25.) Instead, Defendant Jefferson "came through the door with the other officers" but "left right back out" to return to her unit and was not present at the time of the assault or when Plaintiff was being handcuffed. (Jefferson's Mot. Summ. J., Ex. B at 164-66.)

---

[1] For purposes of this discussion, the court shall refer to Defendant's Statement of Undisputed Facts as "SUF" and Plaintiff's Response thereto as "RSUF."

[2] The court notes that Plaintiff now disputes characterization of the incidents as "first," "second," and "third" assaults, as they were so referenced throughout his deposition. In an effort to be consistent, this Court shall utilize these designations for purposes of the instant discussion.

**III.     Standard of Review**

Under Federal Rule of Civil Procedure 56(a), a court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine [dispute] as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." *Celotex*, 477 U.S. at 322; Fed. R. Civ. P. 56(a).  "If the moving party meets its burden, the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal citations and quotation marks omitted).  Therefore, in order to defeat a motion for summary judgment, the non-movant must establish that the disputes are both: (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law; and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing"—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).  "[A] nonmoving party must adduce more than a mere scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in its pleadings[.]" *Williams v. West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (citation omitted).  Accordingly, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

3

bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. To that end, "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) (citing *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002)) (internal quotation marks omitted). Instead, an affiant must set forth specific facts that reveal a genuine issue of material fact. *Id*. A court must "view the facts and any reasonable inferences drawn therefrom in the light most favorable to the party opposing summary judgment." *InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 160 (3d Cir. 2003). However, if a party fails to properly address another party's assertion of fact, a court may consider the fact undisputed and grant summary judgment. *See* Fed. R. Civ. P. 56(e)(2)-(3); *see also Judge C. Darnell Jones II Chambers Policies and Procedures* (rev'd Feb. 23, 2022), http://www.paed.uscourts.gov/documents/procedures/jonpol.pdf ("The Court will not consider any description of a fact that is not supported by citation to the record. Statements of Material Facts in support of or in opposition to a motion for summary judgment must include specific and not general references to the parts of the record that support each of the statements, such as the title of or numbered reference to a document, the name of a deponent and the page(s) of the deponent's deposition, or the identity of an affidavit or declaration and the specific paragraph relied upon. Pinpoint citations are required.").

## IV.  Discussion

### a. Excessive Force

In Count I of his Second Amended Complaint, Plaintiff brings a claim against "all defendants" for excessive force arising under 42 U.S.C. § 1983, in violation of the Eighth Amendment. (Sec. Am. Compl. ¶ 161). "An Eighth Amendment claim has an objective and subjective component." *Gibson v. Flemming*, 837 F. App'x 860, 862 (3d Cir. 2020) (citing

*Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). "The defendant must act with a 'sufficiently culpable state of mind,' and the conduct must be objectively harmful enough to violate the Constitution." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991)). "In evaluating the subjective component of an excessive force claim, the Court should consider 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* (citing *Ricks v. Shover*, 891 F.3d 468, 480 (3d Cir. 2018)). In doing so, the court considers five factors:

> (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them, and (5) any efforts made to temper the severity of the forceful response.

*Id.*

In this case, Plaintiff does not dispute the fact that Defendant Jefferson never used any force against him. (SUF ¶¶ 17, 22, 25, 27.) Instead, in response to Defendant Jefferson's Statement of Undisputed Facts, Plaintiff raises failure to intervene claims for the first time. (RSUF ¶¶ 17, 22, 25, 27.) In support of same, Plaintiff cites *Smith v. Mensinger* as permitting a failure to intervene claim against corrections officers under the Eighth Amendment. (Pl's. Opp'n Jefferson's Mot. Summ. J. 2) (citing *Smith v. Mensinger*, 293 F.3d 641 (3d Cir. 2002)). In *Smith*, the plaintiff specifically included a claim in his Second Amended Complaint that Defendants ". . . violated plaintiff's right to be free from cruel unusual punishment, which is guaranteed by the Eighth Amendment of the United States Constitution . . . ***by failing to stop the use of such force against plaintiff notwithstanding an opportunity to do so.***" *Smith v. Mensinger, et al.*, 2:97-cv-03613-ER (E.D. Pa. Aug. 15, 2003), ECF No. 97 ¶ 18 (emphasis added). While Plaintiff herein correctly interprets *Smith*, his Second Amended Complaint fails to allege any failure to

5

intervene by Defendant Jefferson and is therefore distinguishable. (Sec. Am. Compl. ¶¶ 149-161).

Because Plaintiff filed his Second Amended Complaint as a *pro se* litigant, the court must "liberally construe his pleadings." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d. Cir. 2003). "But 'liberal pleading does not require that, at the summary judgment stage, defendants must infer all possible claims that could arise out of facts set forth in the complaint." *Jones v. Treece*, 774 F. App'x 65, 66 (3d. Cir. 2019) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir 2004)). In Paragraph 97 of Plaintiff's Second Amended Complaint, he alleges "All of the defendants, other than the City and Commissioner, were involved in brutally assaulted [sic] Plaintiff by dragging, kicking, punching and stomping him in the head, face, ribs, back, buttocks and legs as well as attempting [sic] to sodomized [sic] Plaintiff with their walkie talkies. (Sec. Am. Compl. ¶ 97). Plaintiff subsequently alleges in pertinent part that "[t]he acts and omissions of the Defendants deprived Plaintiff of his 1st, 4th, 8th and 14th Amendment rights and immunities of the U.S. Constitution, as well as 42. U.S.C. § 1983" and "[t]he actions of all the Defendants, through their knowledge and acquiescence of the assault on Plaintiff, establishes their concurrent liability because the assault committed on Plaintiff was done maliciously and sadistically to cause harm and not done to maintain and restore order." (Sec. Am. Compl. ¶¶ 100, 161.)

In fact, none of these allegations—to the extent made against Defendant Jefferson—are borne out by the record, including Plaintiff's own testimony. *See* Jefferson Mot. Summ. J. Ex. B at 119-20 (all of the officers involved in or present at the time of the first assault were males); 137, 140-41 (Knight, Young, Butler, Seagraves, Mulvenna, Hober, Fredericks, and Walker were involved in or present at the time of the second assault); and, 154-156, 164-66 (Knight, Butler, Seagraves, Mulvenna, Hober, Fredericks, and Walker were involved in or present at the time of

the third assault and Officer Dotson yelled at the other officers to stop, saying "That's enough, let him up." Defendant Jefferson "came through the door with the other officers but "left right back out" to return to her unit. Jefferson was not present at the time of the assault or when Plaintiff was being handcuffed).

Moreover, because mention of any failure to intervene by Defendant Jefferson is absent from Plaintiff's Second Amended Complaint, he presumably attempts to add this claim via argument contained in his Response to the instant Motion (Pl's. Opp'n Jefferson's Mot. Summ. J. 2). However, it is well established that a "plaintiff may not amend his Complaint through arguments in his brief in opposition to a motion for summary judgment." *Waugaman v. City of Greensburg*, 841 F. App'x 429, 433 (3d. Cir. 2021) (quoting *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)). In *Waugaman*, the plaintiff alleged an excessive force claim against the defendant, falsely accusing him of involvement in an assault. *Waugaman v. City of Greensburg*, No. 17-330, 2019 U.S. Dist. LEXIS 95887, at *16 (W.D. Pa. June 7, 2019). Once the plaintiff's testimony exonerated the defendant on the excessive force claim, the plaintiff tried to argue that the court should instead consider the excessive force as a failure to intervene. *Id.* The District Court rejected this argument. *Id.* at *16-17. The Third Circuit affirmed, holding that a plaintiff cannot introduce a failure to intervene theory in their opposition to a Motion for Summary Judgment where their Second Amended Complaint only alleged an excessive force claim. *Waugaman,* 841 F. App'x at 433. In the present case, nothing prevented Plaintiff from motioning for leave to amend the Second Amended Complaint if he intended to claim a failure to intervene by Defendant Jefferson. Instead, Plaintiff waited until the instant summary judgment proceedings to bring forth these specific allegations and arguments. Nevertheless, any attempt by Plaintiff to amend his Complaint once again would be futile, as his own testimony fails to

7

implicate Defendant Jefferson in any constitutional violation.  Because no failure to intervene claim against Defendant Jefferson exists and the record is devoid of any evidence of force by Defendant Jefferson, summary judgment in favor of said Defendant is appropriate.

      **b.   Remaining Claims**

Plaintiff brings three additional claims against Defendant Jefferson for violating § 1983 by infringing on his First Amendment protection against "retaliation" (Count II) and Fourth Amendment protections against "malicious prosecution" (Count III) and "false arrest" (Count IV).  (Sec. Am. Compl. ¶¶ 161, 169, 177, 182.)  However, in his opposition to the instant Motion, Plaintiff informs the court he will only be advancing a failure to intervene to prevent excessive force claim against Defendant Jefferson. (Pl's. Opp'n Jefferson's Mot. Summ. J. 1 n. 1).  "When a plaintiff responds to a defendant's summary judgment motion but fails to address the substance of any challenge to particular claims, that failure 'constitutes an abandonment of those causes of action and essentially acts as a waiver of these issues.'" *Campbell v. Jefferson Univ. Physicians*, 22 F. Supp. 3d 478, 487 (E.D. Pa. 2014) (quoting *Skirpan v. Pinnacle Health Hosps.*, No. 07-1703, 2010 U.S. Dist. LEXIS 94499, at *17 (M.D. Pa. Apr. 10, 2010)).  By choosing to not address Defendant's challenge to Counts II-IV, Plaintiff has waived these claims and summary judgment on same is appropriate.

## V. Conclusion

For the reasons set forth herein, Defendant Jefferson's Motion for Summary Judgment shall be granted in its entirety.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II    J.
